UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ERNEST PAGELI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00005-TWP-DML |
| | ) | |
| JACKSON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff shall have **through February 20, 2018**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on January 5, 2018.

**II.**

The plaintiff is a prisoner currently incarcerated at Jackson County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

The plaintiff has sued Jackson County Jail for abuse, use of fear and intimidation, and denial of sufficient food to properly manage his symptoms of diabetes. He also makes unrelated allegations against jail employees including the jail commander, a guard, and a nurse. But none of these individuals have been named as defendants in this action. The plaintiff has not named any "person" who is allegedly responsible for violating his constitutional rights. The claims against the Jackson County Jail are dismissed because this facility is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

### IV. Dismissal of Complaint

Because the plaintiff has not named any individual as a defendant, the complaint is subject to dismissal. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through February 20, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 4:18-cv-00005-TWP-DML and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

Given the serious nature of some of the plaintiff's allegations, **the clerk is directed** to send a courtesy copy of the complaint, dkt. [1], to Jackson County Jail Commander.

It has come to the Court's attention that the plaintiff's last name is "Pagels." The **clerk is further directed** to correct the docket to reflect that the plaintiff's name is "Ernest Pagels" to ensure that he receives correspondence from the Court.

**IT IS SO ORDERED.**

Date: 1/11/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERNEST PAGELS
JACKSON COUNTY JAIL
150 E. State Rd. 250
Brownstown, IN 47220

Courtesy Copy to:

Jail Commander Charlie Murphy
Jackson County Jail
150 E. State Rd. 250
Brownstown, IN 47220